**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

**KYLE VENECHUK,**
individually and on
behalf of all others similarly situated,

        Plaintiffs,

                                    Case No.: 13-cv-54

vs.

**GRANDE CHEESE COMPANY,**

        Defendant.

___

**CLASS AND COLLECTIVE ACTION COMPLAINT
AND JURY TRIAL DEMAND**
___

Plaintiff Kyle Venechuk ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Nichols Kaster, PLLP, brings this action against Defendant Grande Cheese Company ("Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Wisconsin state law, Wis. Stat. § 109.03.

**JURISDICTION AND VENUE**

1. This action is being brought under the FLSA so the Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's Wisconsin state law claims, as Plaintiff's state and federal claims derive from a common nucleus of operative facts.

3. Venue is proper in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, maintains

facilities in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

4. Defendant Grande Cheese Company is a domestic corporation with its principal place of business in Brownsville, Wisconsin. It maintains seven facilities throughout central and southeastern Wisconsin, and is in the business of producing and distributing cheeses and whey products.

5. At all relevevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d), and an "employer" within the meaning of Wisconsin wage laws, specifically, Wis. Stat. § 109.01(2). At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.00.

6. Defendant has employed and continues to employ "employees," including Plaintiff and others similarly situated, within the meaning of the FSLA, 29 U.S.C. § 203(e)(1) and Wisconsin wage laws, Wis. Stat. § 109.01(1).

7. Plaintiff Kyle Venechuk is an adult resident of the State of Wisconsin. Plaintiff was employed by Defendant as a curd processor at its facility located in Wyocena, Wisconsin, from approximately June 2009 to October 2011.

8. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party to the FLSA claims asserted in this action. Plaintiff's signed consent form is attached as Exhibit A. As this case continues it is likely that other "similarly situated" individuals will join this case as opt-in Plaintiffs.

9. Plaintiff and all others similarly situated have been employed by Defendant within the two to three years prior to the filing of this lawsuit. *See* 29 U.S.C. § 255(a).

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

10. Plaintiff and all others similarly situated were, or are, employed by Defendant as non-exempt hourly employees working in production, operations, distribution, maintenance, or other similar positions.

11. Defendant required Plaintiff and the similarly situated employees to put on ("don") their safety and/or sanitation gear, which included, but was not limited to, a sanitary shirt and pants, rubber boots, ear plugs, bump cap, rubber gloves, and safety glasses, prior to the start of their scheduled shift.

12. Defendant also required Plaintiff and the similarly situated employees to take off ("doff") their safety and/or sanitation gear at the end of their scheduled shift.

13. Defendant did not allow Plaintiff or the similarly situated workers to perform their job duties without wearing the necessary safety and/or sanitation gear.

14. Plaintiff and the similarly situated employees received their safety and/or sanitation gear from Defendant and were required to keep it on premises.

15. Plaintiff and the similarly situated employees donned and doffed the required safety and/or sanitation gear on Defendant's premises.

16. Donning and doffing safety and/or sanitation gear is required by law. *See Hoyt v Ellsworth Coop Creamery*, 579 F.Supp.2d 1132, 1136 (W.D. Wis. 2008) ("Ellsworth requires its employees to wear sanitary/safety uniforms and to change into and out of the uniforms at the Creamery in satisfaction of customer demands and Wisconsin Department of Agriculture, Trade and Consumer Protection regulations.").

3

17. The amount of time Plaintiff and the similarly situated employees spend or have spent on this required donning and doffing activities should be considered compensable work time because it is integral and indispensable to the employees' principal work activities.

18. Upon information and belief, the amount of uncompensated time Plaintiff and similarly situated individuals spend or have spent on these required and unpaid donning and doffing activities averages approximately ten (10) to twenty (20) minutes per day per employee. This resulted in Plaintiff and similarly situated employees regularly working in excess of forty (40) hours per workweek without receiving pay for all their overtime hours worked.

19. Even though Defendant required Plaintiff and the similarly situated employees to perform these donning and doffing activities, Defendant did not pay Plaintiff and the similarly situated employees for this time worked.

20. Upon information and belief, Defendant's management personnel told Plaintiff and the similarly situated employees that they could not clock into Defendant's time keeping system before donning their safety and/or sanitation gear and were required to clock out of Defendant's time keeping system at the end of the shift before doffing the safety and/or sanitation gear.

21. Defendant knew that Plaintiffs and the similarly situated employees performed work for which they were not compensated.

22. Defendant established a policy, practice and/or procedure to deprive Plaintiff and the similarly situated employees of proper compensation by requiring them to perform donning and doffing activities without pay, and by failing to make, keep and preserve accurate records of all of their hours worked.

23. Defendant has willfully engaged in a pattern, policy, and/or practice of unlawful conduct for the actions alleged in this Complaint in violation of the federal and state rights of Plaintiff and all others similarly situated.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff, on behalf of himself and all others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

25. Plaintiff files this action on behalf of himself and all individuals similarly situated. The proposed FLSA Collective is defined as follows:

> All persons who were or are employed by Defendant as non-exempt hourly employees working in production, operations, distribution, maintenance, or other similar positions at any time since three years prior to the filing of this Complaint who were not compensated for the time spent donning and doffing required safety and/or sanitary gear.

26. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). As this case proceeds it is likely that other individuals will sign consent forms and join as opt-in plaintiffs.

27. Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies and procedures that have resulted in violations of their rights under the FLSA and that have caused damages to Plaintiff and the FLSA Class.

28. Defendant willfully engaged in a pattern, policy and/or practice of violating the FLSA as described in this Complaint in ways including, but not limited to, knowingly failing to pay proper overtime compensation.

29. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and all others similarly situated, Defendant has failed to make, keep and preserve

records with respect to each of its employees sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA.

30. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and others similarly situated and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendant's common policy, practice and/or procedure of requiring its employees to perform uncompensated donning and doffing activities and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## RULE 23 CLASS ACTION ALLEGATIONS

31. Plaintiff, on behalf of himself and all members of the proposed Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

32. Plaintiff brings the remaining count on behalf of himself and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. The proposed Rule 23 Class is defined as:

> All persons who were or are employed by Defendant as non-exempt hourly employees working in production, operations, distribution, maintenance, or other similar positions at any time two years prior to the filing of this Complaint who were not compensated for the time donning and doffing required safety and/or sanitary gear.

33. Members of the putative class are so numerous that joinder of all members of the proposed Rule 23 Class is impracticable. While the precise number of class members is unknown at this time, upon information and belief, Defendant has employed in excess of one hundred (100) individuals in the proposed Rule 23 Class.

34. There are questions of law and fact common to the proposed Rule 23 Class that predominate over any questions solely affecting individual members of the proposed class, including but not limited to:

   a. Whether Defendant employed Plaintiff and the proposed Rule 23 Class within the meaning of Wisconsin law;

   b. Whether Defendant has a policy, practice and/or procedure requiring Plaintiffs and the proposed Rule 23 Class to don and doff safety and/or sanitation gear without compensation;

   c. Whether Plaintiff's and the proposed Rule 23 Class's donning and doffing is compensable;

   d. Whether Defendant failed to pay appropriate wages to Plaintiff and the proposed Rule 23 Class in violation of Wis. Stat. § 109.03;

   e. Whether Defendant's decision to not pay Plaintiff and the proposed Rule 23 Class for their donning and doffing time is willful;

   f. Whether Plaintiff and the proposed Rule 23 Class are entitled to receive civil penalties pursuant to Wis. Stat. § 109.11; and

   g. The proper measure of damages sustained by Plaintiff and the proposed Rule 23 Class.

35. Plaintiff's claims are typical of those of the members of the Rule 23 Class. Plaintiff, like the other members of the proposed Rule 23 Class, was subject to Defendant's policies, practices and/or procedures that willfully failed to pay him and the proposed Rule 23 Class for all the time worked by requiring them to perform uncompensated donning and doffing activities. Plaintiff and members of the proposed Rule 23 Class have sustained similar injuries as a result of Defendant's actions as they were all denied pay they should have received had they been properly compensated for all of their work hours, including time spent donning and doffing before and after each work shift.

36. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class and has retained counsel experienced in complex wage and hour class and collective action litigation.

37. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).

38. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy. As discussed above, Plaintiff and the proposed Rule 23 Class have effectively identical claims. And class litigation is superior because it will preclude the need for unduly duplicative litigation which could result inconsistent judgments pertaining to Defendant's policies, practices and/or procedures that denied these employees their pay that was due. Further, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Finally, there do not appear to be any difficulties in managing this class action.

39. Plaintiff intends to send notice to all members of the Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I—OVERTIME UNDER FEDERAL LAW
**(Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)**
*On Behalf of Plaintiff and the FLSA Collective*

40. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

41. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees for hours worked in excess of forty (40) in a workweek at a rate no less than one and one-half times the regular hourly rate of pay.

8

42. Plaintiff and the FLSA Collective consistently worked more than forty (40) hours per workweek without receiving proper overtime pay.

43. Defendant required Plaintiff to perform uncompensated donning and doffing activities prior to and after their scheduled shift, but did not pay Plaintiff and those similarly situated proper overtime pay they were due for all the hours they worked.

44. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

45. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to damages, liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

### COUNT II—WAGE CLAIM UNDER STATE LAW
**(Wis. Stat. §, 109.03)**
*On Behalf of Plaintiff and the Proposed Rule 23 Class*

46. Plaintiff, on behalf of himself and the proposed Wisconsin Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

47. Under Wisconsin law, employers must pay employees for all wages earned at least monthly. Wis. Stat. § 109.03(1).

48. The Wisconsin wage laws also require employers such as Defendant to pay overtime compensation at time-and-a-half to all non-exempt employees who work more than forty (40) hours in a work week. Wis. Stats. §§ 103.01- 103.03 and Wis. Admin. Code § DWD 274.03.

49. The time Plaintiff and the Rule 23 Class Members spent or spend donning and doffing safety and/or sanitation gear is compensable under Wis. Admin. Code § DWD 272.12(2)(e)(1)(c) because it is an integral part of the principal activity.

50. Plaintiff and the proposed Rule 23 Class regularly worked more than forty (40) hours per workweek for Defendant, but due to Defendant's policy of requiring Plaintiff and the Rule 23 Class to don and doff before and after their schedule shifts, Plaintiffs and Rule 23 Class did not receive proper overtime pay for the time spent on these activities.

51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and members of the proposed Rule 23 Class have suffered and will continue to suffer a loss of wages and other damages.

52. Plaintiff and the proposed Rule 23 Class seek damages in the amount of their unpaid wages for all hours worked, including overtime pay for weeks where Plaintiff and the Rule 23 Class worked more than forty (40) hours, penalties pursuant to Wis. Stat. § 109.11(2)(a) and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems proper.

53. By failing to keep, record, or preserve records of the hours Plaintiff and the Rule 23 Class actually worked, Defendant has violated Wisconsin Admin. Code §§ DWD 272.11 and 274.06.

54. Defendant willfully failed and refused to pay Plaintiff and the proposed Rule 23 Class proper overtime wages for all hours worked.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, prays for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant for Plaintiff's and the similarly situated employees' unpaid back wages at the applicable overtime rates;

c) Judgment against Defendant for violating the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and those similarly situated;

d) A finding that Defendant's violations of the FLSA are willful;

e) An amount equal to their damages as liquidated damages;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest;

h) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j) All further relief as the Court deems just and equitable.

**WHEREFORE**, Plaintiff as Class Representative, on behalf of himself and the proposed Rule 23 Class, prays for relief as follows:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Rule 23 Class and the appointment of Plaintiff as Class Representative and his counsel as Class Counsel;

b) Judgment against Defendant for Plaintiff's and the Rule 23 Class's unpaid wages, including overtime compensation;

c) All damages, liquidated damages, civil penalties, and prejudgment interest available;

d) All costs and expenses incurred prosecuting this claim, which include attorney fees;

e) Leave to amend to add additional state law claims; and

f) All further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and all others similary situated demand a trial by jury.


Dated: January 24, 2013				NICHOLS KASTER, PLLP

							*s/Curtis P. Zaun* _____
							Rachhana T. Srey, MN Bar No. 340133*
							Curtis P. Zaun, MN Bar No. 266310*
							4600 IDS Center
							80 South 8th Street
							Minneapolis, MN  55402
							Telephone: (612) 256-3200
							Fascimile: (612) 215-6870
							Email: srey@nka.com; czaun@nka.com
							*Generally admitted*

							ATTORNEYS FOR PLAINTIFF AND THOSE SIMILARLY SITUATED