IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KYLE VENECHUK,
individually and on behalf of others
similarly situated and the
Wisconsin Rule 23 Class,

Court File No. 3:13-CV-54

District Judge Barbara B. Crabb

          Plaintiff,

v.

GRANDE CHEESE COMPANY,

          Defendant.

---

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT**

---

    This action is before the Court on the Parties' Joint Motion for Final Approval of Settlement and Class Counsel's petition for fees and costs. Plaintiff Kyle Venechuck, on behalf of himself, the FLSA Collective and Rule 23 Class Members, filed a motion for final approval of the settlement set forth in the Parties' Stipulation of Settlement and Release of Claims (the "Settlement").

    By Order dated September 20, 2013 (ECF No. 18), the Court preliminarily approved the Settlement and conditionally certified an FLSA Collective and Rule 23 Class for settlement purposes only (the "Preliminary Approval Order"). Due and adequate notice having been given to the FLSA Collective and Rule 23 Class Members (collectively "Settlement Class Members") in compliance with the procedures set forth in the Settlement and the Preliminary Approval Order, and having considered the motion and Settlement and exhibits thereto, IT IS HEREBY ORDERED:

    1.    Except as otherwise specified herein, the Court for purposes of this Order adopts

all defined terms as set forth in the Settlement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over the FLSA Collective and Rule 23 Class Members and the Defendant.

3. This Court confirms as final all portions of its September 20, 2013 Preliminary Approval Order.

4. The Notice of Settlement given to the Settlement Class Members, pursuant to this Court's Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval of the Settlement and the settlement terms set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on all Rule 23 Class Members who did not timely opt out pursuant to the procedures set forth in the Settlement and the Notice distributed to the Settlement Class Members.

6. The Court further finds that the Settlement is rationally related to the strength of the Settlement Class Members' claims given the Defendant's offer, the complexity, length, and expense of further litigation.

7. The Court also finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settlement Class Members and Defendant, after thorough factual and legal investigation, with no evidence of collusion.

8. The Court further finds that the response of the Settlement Class Members to the settlement supports settlement approval. Of the 896 Settlement Class Members only 20 Class Members opted-out. No Settlement Class Member objected to the Settlement.

9. The Court finds that the proposed plan of final allocation is rationally related to the relative strengths of the respective claims asserted. The mechanisms and procedures set forth in the Settlement by which payments are to be calculated and made to the participating FLSA Collective and Rule 23 Class Members are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement.

10. The Court finds that the proposed incentive award to the Named Plaintiff is reasonable and appropriate. The Court further finds that the Named Plaintiff took significant steps to protect the interests of the class, that the class reaped substantial benefits from his actions, and that the amount of time and effort the Named Plaintiff expended in pursuing the litigation was significant.

11. The Complaint filed in this action and all claims contained therein are dismissed in their entirety with prejudice as to all FLSA Collective and Rule 23 Class Members.

12. The Court finds that Class Counsel's petition for an award of attorneys' fees and cost is fair and reasonable and awards Class Counsel 33 1/3 % of the common fund, or $**281,062.70**, as attorneys' fees and costs.

13. The parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to the Settlement Class Members, individually or collectively, all such liability being expressly denied by Defendant.

14. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement.

It is ORDERED this 20th day of November, 2013

/s/ Barbara B. Crabb
Honorable Barbara B. Crabb
United States District Court Judge